FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 11 PM 12: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COREY JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. Action No. 16-1838
Crim. Action No. 11-0033

## MEMORANDUM OPINION

On July 23, 2012, Petitioner Corey Jones ("Petitioner" or "Jones") pled guilty to Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 68.) During Petitioner's sentencing hearing, this Court found that Petitioner had at least two prior convictions for either a "crime of violence" or "controlled substance offense" under United States Sentencing Guideline (U.S.S.G.) § 4B1.1. As a result, Petitioner's sentencing offense level increased by four and this Court sentenced him to a term of ninety-six (96) months imprisonment. (ECF No. 97.)

Three years later, the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender (OFPD) then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes

1

the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 101.)

In 2017, however, the Supreme Court held in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the OFPD informed Petitioner that in light of *Beckles* it would no longer be able to represent him. On July 20, 2017, the OFPD filed a Motion to Withdraw as Counsel (ECF No. 102), which this Court granted. (ECF No. 103.)

Pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 101.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner Jones' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 101) is DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether one of Petitioner's prior convictions qualify as a crime of violence under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a).

As the OFPD stated in its Motion to Withdraw as Counsel, however, in light of *Beckles* this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF No. 101) is DENIED.

2

## CONCLUSION

For the reason stated above, Petitioner Jones' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 101) is DENIED.[1]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Jones' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:    May 11, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge

---

[1] Petitioner's Motion for Copy of Transcripts (ECF No. 99), filed in 2013, is also DENIED.